IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CV-00037-M

| | |
|---|---|
| ROBERT DAUB BURNETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BAYVIEW LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on a Memorandum & Recommendation ("M&R") issued by the Honorable Kimberly A. Swank, United States Magistrate Judge, on December 8, 2020 (DE 14). Plaintiff timely filed an objection to the M&R on December 22, 2020 (DE 15).

This case originated on February 25, 2020 with the Plaintiff's motion for leave to proceed *in forma pauperis* and an attached Complaint (DE 1, 1-1). On August 28, 2020, Judge Swank granted the motion, filed the Complaint at DE 6, found the pleading lacked allegations demonstrating the court's federal question or diversity jurisdiction, and directed the Plaintiff to file a "revised complaint containing facts demonstrating the existence of federal subject matter jurisdiction, if any." DE 4. Plaintiff responded, not by filing an amended pleading, but by submitting a set of documents purported intended to demonstrate diversity of citizenship between the parties. *See* DE 5. On September 30, 2020, Judge Swank reviewed the documents, repeated her finding that the pleading lacked allegations demonstrating either federal question or diversity jurisdiction, concluded that Plaintiff's documents were insufficient to "demonstrate that each member of the defendant limited liability corporation is a citizen of a state other than North Carolina," and recommended that the case be dismissed for the court's lack of subject-matter

jurisdiction. DE 7.

Plaintiff timely filed an objection, as well as a "Particularized Complaint" and a motion to seal the documents (containing his personal information) filed on September 21, 2020. DE 8, 9, 10. This court granted the motion to seal, construed Plaintiff's objection as "a motion for extension of time to cure deficiencies in the complaint," and granted Plaintiff an extension to November 25, 2020 "to investigate the citizenship of the members of Defendant Bayview Loan Services, LLC and refile his complaint to establish this court's subject-matter jurisdiction." DE 11.

On December 1, 2020, Plaintiff filed a 141-page document, the contents of which he explained as follows: a one-page report demonstrating that Defendant is a Delaware corporation with a principal place of business in Coral Gables, Florida; a seven-page list of names "from the [one-page] report demonstrating that Defendant's principal place of business is in Coral Gables, Florida; a twelve-page list of "names of officials with Bayview Community that do not appear in the NC Secretary of State business listings"; and a 120-page list of "names that are the same as to of Bayview Community officials but who are not officials with Bayview Community." DE 13 at 2. On December 8, 2020, Judge Swank issued the present M&R finding that Plaintiff's documents "do not contain any statements pertaining to the citizenship of the members of Bayview Loan Servicing, LLC." DE 14 at 4. Judge Swank concluded that "[b]ecause Plaintiff has failed to identify each member of the limited liability company and to allege that each member's citizenship is different than his own, Plaintiff has failed to meet his burden to establish subject-matter jurisdiction pursuant 28 U.S.C. § 1332." *Id.*

The Fourth Circuit instructs:

> The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified

> proposed findings or recommendations to which objection is made. By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks, brackets, emphases, and citations omitted); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. In light of the objection filed by the Plaintiff, the Court must conduct a de novo preliminary review of the Complaint pursuant to 28 U.S.C. § 1915.

Plaintiff objects that he "does not have legal training or education" and has "done [his] due diligence in this matter as best [he] can under the circumstances." DE 15 at 2. Plaintiff also argues that "the term 'all of its members' has never been clearly defined either by the court or in any of the research material found by the Plaintiff." *Id.* at 3. The court is not persuaded. Plaintiff asserts he has access to the internet. DE 13 at 3 ("Plaintiff's internet research has found the following case . . . ."). While the Plaintiff notes that he reviewed the Supreme Court's opinion in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), which does not involve a limited liability company (or, "LLC") and, thus, would not assist in this particular matter, he does not mention whether he searched for or reviewed any of the cases cited by Judge Swank. Moreover, a search of the term "member limited liability company" on Google (or other internet search engine) yields a number of websites explaining the term. Notably, an internet search for cases involving LLCs and questioning diversity jurisdiction yields a number of websites and/or cases explaining the requirements in federal court for demonstrating diversity jurisdiction involving an LLC. Plaintiff does not state whether he performed such a search or whether he sought assistance through this court's website or, even, from his local public library.

The Fourth Circuit has affirmed that "[f]undamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" *Home Buyers Warranty Corp. v. Hanna*,

3

750 F.3d 427, 432 (4th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A district court may hear a case only when it possesses the "power authorized by Constitution and statute." *Id.* (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "When a party desires to proceed in a federal court, it 'must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter.'"[1] *Id.* (quoting *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008)).

As pertinent here, a plaintiff may demonstrate a federal court's jurisdiction by alleging in his or her complaint a federal question (28 U.S.C. § 1331) or the existence of complete diversity between the parties (28 U.S.C. § 1332). For diversity jurisdiction to exist, "the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Id.*

A limited liability company "organized under the laws of a state is not a corporation and cannot be treated as such under [28 U.S.C. § 1332] until Congress says otherwise." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (citations omitted). Rather, an LLC "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members," or owners. *Id.* Thus, a limited liability company's citizenship for purposes of diversity jurisdiction turns not on its place of formation or principal place of business, but on the citizenship of each member. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. A party fails to demonstrate diversity jurisdiction, and the court must dismiss the case, when "the record does not inform the court of the citizenship of each of the parties." *Passport*

---

[1] Plaintiff does not indicate or explain whether he has sought remedies in state court, which is a court of general, as opposed to limited, jurisdiction.

*Health, LLC v. Avance Health Sys., Inc.*, 823 F. App'x 141, 153 (4th Cir. 2020), as amended (Aug. 17, 2020) (citing *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93–94 (4th Cir. 1983)).

The court recognizes that it has provided Plaintiff ample opportunities to demonstrate subject-matter jurisdiction in this case (*see* DE 4, 7, 11, 14), and, as the Plaintiff alleges no federal question, notes that this matter may be better suited for adjudication in state court. However, Plaintiff proceeds pro se and has expressed his desire to proceed in this court, if possible. Plaintiff appears to have the ability to investigate and determine the citizenship of the parties, if he so chooses. Thus, the court will provide the Plaintiff one more opportunity to demonstrate this court's subject-matter jurisdiction; if he fails to do so, the court will dismiss the complaint without prejudice for lack of jurisdiction.

Accordingly, the court ADOPTS the M&R with respect to its findings and analysis, declines to dismiss the case at this time, and exercises its discretion to afford Plaintiff another opportunity to demonstrate the court's subject-matter jurisdiction. In so doing, the court directs the Plaintiff to file an Amended Complaint, in which he must allege information supporting this court's subject-matter jurisdiction in accordance with this order. Plaintiff shall do so on or before May 10, 2021. The Clerk of the Court is directed to provide the Plaintiff, in addition to a copy of this order, with a blank complaint form for the Plaintiff's use in preparing an Amended Complaint.

SO ORDERED this 23rd day of April, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE